IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JERRY LEE HAWKINS**                                                                      **PLAINTIFF**

v.                                Civil No.: 4:09-cv-4118

**JERRY CRANE** *et al.*                                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at East Arkansas Regional Unit of the Arkansas Department of Correction in Brickeys, Arkansas, has filed a pleading by using a form entitled "[f]orm to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." ECF No. 1. The matter is presently before the Court on Plaintiff's Motion for Entry of Default. ECF No. 58. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Paul K. Holmes, III, United States District Judge, referred this case the undersigned for the purpose of making a Report and Recommendation.

**I.    Background**

Service was ordered in this case on May 10, 2010, for Defendants Beasely, Crane, Godbolt, Harris, Smith, Davis, Morris[1], Dunham, and Bland. ECF No. 17. Summons for Davis, Morris, Dunham, Bland, Beasley, Crane and Goodbolt were returned as executed on July 16, 2010. ECF Nos. 22-28. Those Defendants also answered the Complaint on July 15, 2010. ECF No. 20.

Summons were returned as unexecuted on July 26, 2010, for Defendants Emanual Harris and Brandon Smith. ECF Nos. 36, 37. Defendants were then directed, on August 9, 2010, to provide information regarding the correct names and last known addresses of Defendants Harris and Smith.

---

[1] Defendant currently named as Spence McMorris was originally named as "Mack Morris" and was served as such. On October 26, 2010, ECF No. 46, the name of this defendant was corrected to Spence McMorris.

ECF No. 41. Defendants provided those addresses on August 18, 2010, ECF No. 42, and Defendants Harris and Smith were each served again at their last known address. ECF No. 46, 55, 57. Defendant Smith filed his Answer to Plaintiff's Complaint on November 10, 2010. ECF No. 53.

Although summons was returned as executed on January 7, 2011, for Defendant Emanual Harris, showing Harris was served on December 28, 2010, with an answer due on January 18, 2011, ECF No. 57, Harris filed no Answer or other responsive pleading.

Plaintiff filed a Motion for Entry of Default, ECF No. 58, on February 14, 2011, stating that default should be entered as a defendant was served on December 28, 2010, with an answer due January 18, 2011.[2]

Defendant Harris was then directed, on February 17, 2011, to show cause, ECF No. 59, why default should not be entered against him for failure to answer or respond to the Complaint. ECF No. 59. On March 14, 2011, the Order to Show Cause, which had been sent to the last known address of Harris via certified mail, was returned as "unclaimed."

The Clerk of Court was also directed to send a copy of the Order to Show Cause to Nicholas Windle and C. Burt Newell, who are attorneys representing the Hempstead County Defendants in this matter. ECF No. 59. Mr. Windle and Mr. Newell were reminded that any allegations made against Defendant Harris in his official capacity may be a claim against Hempstead County. *Id.* Mr. Windle responded on March 1, 2011, to the Order to Show Cause, stating that Plaintiff had clearly stated his claims against Harris were made in Harris' individual capacity only, and that Harris had not contacted

---

[2] Plaintiff did not specify which defendant was in default, but only Defendant Harris has failed to make a timely answer in this matter, and only Defendant Harris was served on December 28, 2010, with an answer due on January 18, 2011, as specified by Plaintiff. Therefore, the Court will construe Plaintiff's Motion for Entry of Default to be a motion for the entry of default as to Defendant Harris only.

Mr. Windle's firm regarding representation. *Id.*

## II. Applicable Law

According to Federal Rule of Civil Procedure 55(a), entry of default is appropriate when a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise.

## III. Discussion

In light of Plaintiff's motion, which the Court notes was signed by Plaintiff as a declaration, and the failure of Defendant Harris to respond to the Order to Show Cause, it is the recommendation of the undersigned that the Court should direct the entry of default against Defendant Harris.

## IV. Conclusion

For the forgoing reasons, it is therefore recommended that Plaintiff's Motion for Default, ECF No. 58, be **GRANTED** and the Clerk of Court should be directed to enter Harris' default. It is further recommended that the Clerk of Court be directed to forward a copy of this Order to Defendant Harris at the address indicated on the Marshal's return of service. ECF No. 57.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of April 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE